IRVIN GREEN AND IRA W. McINTYRE, VS. SAMUEL KINDY.

J. P," is the abbreviation commonly used in the English la· guage for Justice of the Peace and is a sufficient designation of the official character of that officer.

A motion to vacate a judgment for irregularity, may be made at any time within one year, the mover not being guilty of laches.

Where judgment by default, for not declaring, goes against a plaintiff in replevin, the defendant has no right to have his damages assessed, without first giving notice thereof to plaintiff.

Whether in case the Sheriff returns the property replevied, to the defendant, on account o the failure of the plaintiff to execute the proper bond, the defendant would be entitled to jugdment for anything but costs, *quere*—the question not being directly before the Court.

Notice of the taxation of costs, must be served on the attorney, instead of the party.

*Heard Dec. 6th*, 1869, *in the Circuit Court for the County of Kalamazoo.*

This was a motion to set aside a judgment entered for the defendant, at the last September term of this Court.

The facts in the case are as follows: On the 16th day of April, 1869, the plaintiffs procured to be issued, a writ of replevin, to recover certain property, claimed to be in the possession of the defendant. The Sheriff returns that he took the property by virtue of the writ, but plaintiffs neglecting to deliver to him the requisite bond, within twenty-four hours, the property was returned to the defendant. The defendant was summoned as required by law. Appearance was entered by O. T. Tuthill, for defendant, May 25th, 1869, and notice thereof was mailed to plaintiffs' attorney.

No further steps were taken by the plaintiffs, except to execute a bond to the Sheriff, April 23d, being after he had returned the property to the defendant. Thereupon, plaintiffs' default was entered at the last September term of this Court; a rule was entered in the book of common rules, to make said default absolute and for judgment, &c.; and defendant's damages for detaining the property, while the same was in the custody of the sheriff, were assessed at $65.00, and judgment rendered therefor, with costs to be taxed.

The costs were subsequently taxed.

A motion is now made to vacate and set aside the judgment

for irregularities; and for leave to file a declaration, for the reasons:

"*First*, No notice of the assessment of damages was given to plaintiffs or their attorney.   *C. L.* § § 4426, 5039 ; *Green's Pr.* § § 394, 395.

*Second*, Notice of the taxation of costs was served on plaintiffs one day after the time named in the notice, for the taxation.

*Third*, This notice should have been served on the attorney, and not upon the party. *Green's Pr* , § 780; 2 *Johns. Cases* 121."

This motion is opposed, because,

"*First*, The jurats to the affidavits being signed, " E. F. Pierce, J. P.," do not furnish evidence of the official character of the person administering the oath.   *Green's Pr.*, 250.

*Second*, The parties are out of time by the rules and practice of the Court, to make such a motion.   *Green's Pr.*, 241 ; *C. C. Rules* 21, 23, 27, 31.

*Third*, The plaintiff is guilty of laches.

*Fourth*, No affidavit of merits is furnished.   *Green's Pr.*, § § 935, 940.

*Fifth*, A motion for a new trial, cannot be regularly made and entered in this case, because there never was an issue formed.   There is nothing to try.   Neither can a declartion now be allowed, because the property, the subject matter of the declaration, when filed, by the laches of the plaintiff, has passed beyond their control and authority, in this action.

*Sixth*, No *notice of trial*, or *assessment* of damages was required to be given in this cause, there being no issue formed to try, and no assessment to be had upon an *issue*, as contemplated by the *statute*, requiring notice of assessment of damages in certain cases.   *Green's Prac.*, § 909 *and page* 170 ; *C. L.*, § 4426.

*Seventh*, A motion to set aside for irregularities, or on the merits, must be made within the time limited for new trials. *Green's Pr.*, § § 918, 934, 936, 937, and 938.

*Eighth*, Judgment for costs and damages in such cases as this, is expressly authorized, and provided by our statutes.   *C. L.*, § § 5022, 5027.

*Ninth*, Notices of trial are only authorized by rule 54, and

practice (*Green*, § 385,) when the cause has been brought to an issue, and the only cases where notice of assessment is required, are those where an appearance has been put in by *a defendant*, and then has suffered the case to go by default. See *C. L.* § 4426."

*Wm. Sadler*, for Plaintiff; *May & Buck* and *N. A. Balch*, of Counsel.

*O. T. Tuthill*, for Defendant.

*By the Court*, BROWN, J.—Objection is made to the reading of plaintiffs' affidavits. It is claimed that "J. P." is not a sufficient designation of the official character of the person who administered the oath. "Such abbreviations as are commonly used in the English language may be used." *C L.* § 4070. "*J. P., Justice of the Peace.*" *Webster's Unabridged Dictionary*, *page* 1505. The affidavits, in this respect, are sufficient.

It is contended that this motion is not made in time. "No judgment, in any Court of Record, shall be set aside for *irregularity* on motion, unless such motion be made within one year after the time such judgment was rendered." *C. L.* § 4440 It is the duty of the party complaining of the irregularity, to move to set aside the proceedings at his earliest opportunity, after discovering such irregularity. From the affidavits I am satisfied that the plaintiffs have not been guilty of laches in this respect, and that therefore they are in time. The motion is in time, being within the year.

It is said "the plaintiff has filed no affidavit of merits" The original affidavit attached to the writ is a sufficient affidavit of merits.

The defendant insists that as no issue is formed, there would be nothing to try, if a new trial were granted—that a declaration could not be filed, because the property is not in the possession of plaintiffs.

This is a motion to set aside a judgment, for irregularities, and that an issue may be formed:

It is not necessary that the plaintiff should have possession of

the property, in order to proceed in the action for the recovery of the same, or the value thereof. *C. L.*, § 5017.

No notice of the assessment of damages was given to the plaintiffs. No damages could be legally assessed, except as provided for by chapter 152, *C. L.*; and " whenever any damages shall be assessed, pursuant to any provisions contained in this chapter, the same notice thereof shall be given to the adverse party, as is required by law, and the practice of the Court in the like cases in personal actions." *C. L.* § 5039. In personal actions, fourteen days notice is required. Whether under the circumstances of this case the defendant should recover more than his costs, *quere, C. L.*, § 5040.

Notice of the taxation of costs was served on plaintiffs, one day after the time named in the notice for the taxation. The taxation however, was not made until several days thereafter; and defendant claims that he notified plaintiffs, orally, of that fact.

The notice should have been served on the plaintiff's attorney. Let an order be entered vacating the judgment, and setting aside default, allowing plaintiffs twenty days, in which to file declaration, and serve copy.